IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BODUM USA, INC.,

                Plaintiffs,

v.

WILMAX USA Inc.

                Defendant.

No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR INFRINGEMENT OF
## TRADE DRESS AND UNFAIR COMPETITION

For its Complaint against Wilmax USA Inc. ("Wilmax"), Plaintiff Bodum USA, Inc. ("Bodum") alleges:

## NATURE OF THE ACTION

1.     This Complaint seeks injunctive relief and damages for Wilmax's trade dress infringement of Bodum's iconic PAVINA Trade Dress embodied in double-walled glassware pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); unfair competition (Count II); and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).

## THE PARTIES

2.     Bodum is a Delaware corporation having its principal place of business at 601 West 26th Street, New York, NY 10001.

3.     Bodum is in the business of, among other things, importing, distributing, promoting and selling high-quality, designer specialty housewares, including a line of double-walled glassware under the trademark PAVINA® throughout the United States, including this Judicial District.

4.      Wilmax is a Pennsylvania corporation having its principal place of business at 535 Andrews Road, Suite B, Trevose, PA 19053.

5.      Wilmax is in the business of, among other things, promoting and selling household goods and specialty housewares throughout the United States, including this District.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Count I of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the claim herein involves questions of federal law.  This Court also has jurisdiction over Counts II and III under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantially related to the claims in Count I arising under federal law.

7.      This Court has personal jurisdiction over Wilmax under 735 ILCS 5/2-209, *et seq.*, because Wilmax has committed or is about to commit tortious acts within the State of Illinois causing injury to Bodum within the State, and/or actions that cause injury in this District, and because Wilmax regularly conducts business in the State of Illinois, including this District. Further, this Court's exercise of personal jurisdiction over Wilmax complies with the Due Process requirements of the United States Constitution and the Illinois Constitution.

8.      Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

9.      Since approximately 1983, Bodum has been engaged in the importation, promotion, distribution, and sale in the United States of high-quality glassware, including Bodum's PAVINA® double-walled drinking vessels.  For this period of time, Bodum has sold such products throughout the United States.

10.     Since 1983, Bodum has expended substantial amounts of money, time, and effort to acquire, develop, advertise, and promote its PAVINA® double-walled drinking vessels embodying its PAVINA Trade Dress in the United States.

11.     Bodum has cultivated the unique and distinctive overall appearance of its PAVINA® drinking vessels such that consumers and people working in the housewares industry are easily able to identify such products as originating from Bodum.  This unique, iconic, and distinctive overall appearance includes the double wall, the egg shape and the approximate ratio of the inner to outer wall of the vessel.  This overall design of Bodum's product is referred to herein as the "Bodum PAVINA Trade Dress."

12.     An example of the PAVINA® drinking vessel, which comes in different sizes and in different materials (all of which are claimed in this case), is:



13.     The features that constitute the Bodum PAVINA Trade Dress are nonfunctional, in that they serve a decorative and aesthetic purpose and are not required to exist in this design in

order for the product to be used for its intended purpose. This nonfunctionality is further demonstrated by the existence in the marketplace of numerous double-walled drinking vessel products with completely different designs than the Bodum PAVINA Trade Dress.

14.     Bodum, long prior to the acts of Wilmax described in this Complaint, has extensively advertised and promoted the Bodum PAVINA Trade Dress and drinking vessels embodying the Bodum PAVINA Trade Dress. As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion, sale, and public acceptance of the Bodum PAVINA Trade Dress, Bodum's PAVINA® drinking vessels have acquired a fine and valuable reputation. The public recognizes the Bodum PAVINA Trade Dress as a source identifier for Bodum's products exclusively. The Bodum PAVINA Trade Dress has achieved notoriety in the marketplace among consumers and has come to symbolize the reputation and goodwill that Bodum has generated through its creation, distribution, and sale of high quality products and fair and honorable dealing within the housewares trade and to the consuming public. Accordingly, the Bodum PAVINA Trade Dress has acquired secondary meaning.

15.     The identifying appearance of the Bodum PAVINA Trade Dress constitutes protectable property of Bodum.

16.     Bodum has spent and continues to spend substantial sums of money, time, and effort to develop, advertise, and promote the Bodum PAVINA Trade Dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, national and international trade shows, fixture programs with retailers and demonstrations, and training. Such efforts have created and reinforced the association of the Bodum PAVINA Trade Dress with Bodum in the minds of the trade and the consuming public.

- 4 -

17.     Bodum also has spent considerable money, time, and effort enforcing its trade dress rights against would-be competitors who attempt to sell knockoffs of PAVINA® products, including sending cease-and-desist letters.

18.     As a result of Bodum's efforts, the PAVINA® drinking vessel has assumed a dominant, iconic position in the double-walled glass market.

19.     Bodum recently discovered that Wilmax has been promoting and advertising for sale one or more glassware products that are colorable imitations of Bodum's PAVINA® products (the "Accused Product").  One of these products is pictured below:



20.     The Accused Product copies the look and overall appearance of the Bodum PAVINA Trade Dress, including the elements described above.

21.     The Accused Product is advertised, promoted, and marketed in the same channels of trade as Bodum PAVINA Trade Dress in the United States, including this District.  For example, the Accused Product is available for sale at: https://wilmax.com/collections/themo-double-wall-glass/products/thermo-glass-6-8-fl-oz-200-ml-wl-888731-athermo-glass-6-8-fl-oz-200-ml-wl-888731-a

- 5 -

22.     On information and belief, Wilmax knew of the Bodum PAVINA Trade Dress and Bodum's hard-earned goodwill at all pertinent times prior to Wilmax's first promotion and sale of the Accused Product.

23.     Wilmax deliberately adopted an appearance for its competing Accused Product seeking to trade upon the hard-earned goodwill of Bodum, and Wilmax has deliberately attempted to ride Bodum's coattails to capitalize on the Bodum PAVINA Trade Dress.  Accordingly, Wilmax's infringement is willful, and this action is an "exceptional case."

24.     The Accused Product is likely to cause confusion with the Bodum PAVINA Trade Dress.

25.     Confusion is likely to result from Wilmax's conduct unless enjoined by this Court.

26.     Bodum has been and will continue to be seriously and irreparably injured unless Wilmax's conduct is enjoined by this Court.

## COUNT I
## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125

27.     As a complete and first ground for relief, Bodum hereby charges Wilmax with false representation and/or false designation of origin under 15 U.S.C. § 1125(a) and realleges and incorporates herein by this reference paragraphs 1 through 25 of this Complaint.

28.     Wilmax intentionally has adopted and is using in commerce in connection with the advertising, promotion, and sale of the Accused Product, an overall appearance that is intended by Wilmax to be substantially similar to, and a colorable imitation of, the distinctive Bodum PAVINA Trade Dress.

29.     Wilmax's unlawful adoption and use, in commerce, of such a colorable imitation of the Bodum PAVINA Trade Dress without the authorization of Bodum are likely to cause confusion, to cause mistake, and/or to deceive consumers as to the affiliation, connection, or

association of Wilmax with Bodum or as to the origin, sponsorship, or approval of Wilmax's goods with those of Bodum.

30.     Through the promotion, advertising, and sale of such a confusingly similar product, Wilmax has unlawfully simulated, appropriated, and infringed Bodum's rights and its proprietary trade dress. Such conduct and appropriation constitute a false description or representation of Bodum's products or a false designation of origin, in violation of 15 U.S.C. § 1125(a).

31.     Wilmax's conduct and its false representations of genuineness have injured and will injure Bodum by diversion of Bodum's goodwill and sales to Wilmax, and by diminishing and destroying Bodum's goodwill and reputation. Bodum seeks damages in such sum as may be proved at the time of trial in a sum equal to that received by Wilmax and those sums lost by Bodum as a result of such conduct and actions, in an amount not less than $75,000.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

32.     As a complete and second ground for relief, Bodum hereby charges Wilmax with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 26 of this Complaint.

33.     Bodum alleges that Wilmax by careful and considered planning, has promoted the Accused Product to consumers through the use of the Bodum PAVINA Trade Dress so as to confuse and deceive consumers and obtain the acceptance of Wilmax's goods based on the merit, reputation, and goodwill of Bodum and its high-quality products and services.

34.     Wilmax's actions constitute oppression, fraud, and malice in that they have intentionally engaged in activities designed to confuse the public and to divert sales to Wilmax that would have otherwise been enjoyed by Bodum.

35.     Bodum further alleges that Wilmax has misappropriated and unlawfully exploited the valuable property rights and goodwill of Bodum and the Bodum PAVINA Trade Dress through

Wilmax's use of a confusingly similar trade dress. As a result of such misappropriation, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the Bodum PAVINA Trade Dress, and Wilmax will be unjustly enriched thereby. Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM**
**DECEPTIVE TRADE PRACTICES ACT**

36.     As a complete and third ground for relief, Bodum hereby charges Wilmax with violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq*., and realleges and incorporates herein by this reference paragraphs 1 through 26 of this Complaint.

37.     Bodum alleges that Wilmax intentionally, willfully, and unlawfully has simulated and appropriated Bodum's rights and the Bodum PAVINA Trade Dress by advertising, promoting, offering to sell and selling the Accused Product.

38.     Bodum further alleges that Wilmax's intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the proper origin of the Accused Product, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

39.     Wilmax's actions constitute oppression, fraud, and malice in that Wilmax has intentionally engaged in activities designed to confuse the public and to divert sales to Wilmax that would have otherwise been enjoyed by Bodum.

40.     As a result of Wilmax's actions and misappropriation of Bodum's rights, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the Bodum PAVINA Trade Dress, and Wilmax will be unjustly

enriched thereby in such sum as may be proved at the time of trial, in an amount not less than $75,000.

WHEREFORE, Plaintiff requests that this Court enter judgment that Defendant Wilmax, Inc.:

A.     infringed Bodum's rights in the Bodum PAVINA Trade Dress and by the adoption of trade dress confusingly similar to the Bodum PAVINA Trade Dress in the creation, advertising, promotion, and sale of the Accused Product;

B.     unfairly competed with Bodum by the adoption of trade dress confusingly similar to the Bodum PAVINA Trade Dress in the creation, advertising, promotion, and sale of the Accused Product;

C.     violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*;

D.     be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

    1.     advertising, marketing, promoting, offering for sale, or selling the Accused Product and related products utilizing the Bodum PAVINA Trade Dress or any trade dress confusingly similar thereto,

    2.     causing a likelihood of confusion or misunderstanding as to source, sponsorship, or approval as to any affiliation, connection, or association of Wilmax with or approval of it by Bodum or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum;

E.     be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, products in Wilmax's possession bearing a trade dress that is identical or substantially

similar to the Bodum PAVINA Trade Dress or any reproduction, counterfeit, copy, or colorable imitation thereof, and be required to recall all products or packaging bearing a trade dress that is identical or substantially similar to the Bodum PAVINA Trade Dress from Wilmax's customers and refund any monies paid for such products to its customers;

F.      account and pay to Bodum all profits received from the sale of products bearing a trade dress that is identical or confusingly similar to the Bodum PAVINA Trade Dress;

G.      pay to Bodum its actual damages on account of Wilmax's infringement, unfair competition, and false representation, including, but not limited to, the reasonable value of the use of the Bodum PAVINA Trade Dress to Wilmax, and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled pursuant to 15 U.S.C. § 1117(a);

H.      award Bodum USA's reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS 510/1, *et seq*.; and

I.      award for such other and further relief in favor of Bodum as this Court deems proper and just.

**<u>DEMAND FOR JURY TRIAL</u>**

Bodum demands trial by jury.

Dated:  June 11, 2025                              Respectfully submitted,

                                                  BODUM USA, INC.


                                                  By:  /s/James E. Griffith_____

One of Its Attorneys

James E. Griffith (6269854)
Julianne M. Dardanes (6344171)
Ziliak Law LLC
141 W. Jackson Blvd., Ste 4048
Chicago, IL 60604
Tel: 312.462.3350
jgriffith@ziliak.com
jdardanes@ziliak.com
docket@ziliak.com

Nicole Wing
BODUM USA, Inc.
General Counsel
45 E. 20th Street
8th Floor
New York, NY 10003
Tel: 212.367.8844
nicole.wing@bodum.com